UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

700 CAMP STREET, LLC,

                Plaintiff,

-against-

MT HAWLEY INSURANCE COMPANY,

                Defendant.

24-CV-3060 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    Defendant in this matter argues that Plaintiff's lawsuit is barred by its failure to comply with the insurance policy's one-year limit on notice. However, there's a line of cases indicating that "failure to give timely notice … may be *excused*" under certain circumstances. *Sparacino v. Pawtucket Mut. Ins. Co.*, 50 F.3d 141, 143 (2d Cir. 1995) (emphasis added); *see Com. Union Ins. Co. v. Int'l Flavors & Fragrances, Inc.*, 822 F.2d 267, 271–72 (2d Cir. 1987); *13 State St. LLC v. Acadia Ins. Co.*, 602 F. Supp. 3d 330, 338–39 (N.D.N.Y. 2022); *White by White v. City of New York*, 615 N.E.2d 216, 217 (N.Y. 1993); *Structure Tone, Inc. v. Zurich Ins. Co.*, 597 N.Y.S.2d 702, 703 (1st Dep't 1993); *see also* 70A N.Y. Jur. 2d Insurance § 1994 (explaining that notice provisions "must be complied with unless performance is excused").

    Because those cases arise in the context of prompt-notice requirements (rather than outer limits, like the one-year limit here), they could simply be read to suggest that courts should consider the "excuse" or reason for the delay when determining whether an insured has complied with a prompt-notice requirement. But some of the language in these cases could be read to suggest instead that even when notice is *not* timely and thus the insured has *failed* to comply with the policy's notice requirement, the delay can *still* be excused under certain circumstances. *See Sparacino*, 50 F.3d at 143 (explaining that "failure to give timely notice … may be excused"

instead of stating that late notice may be timely). Under this latter interpretation, it would seem that a failure to comply with a strict, outer limit could also be excused under certain circumstances.

By August 15, 2024, at 5:00 PM, Defendant should submit a letter explaining whether these cases should be interpreted to allow an insured's failure to comply with an outer limit on notice to be excused. In addition, Defendant should also explain, assuming that the failure *can* be excused, whether the circumstances here (the insured's lack of knowledge of any damage) would count as a valid excuse under existing case law. The Court wants to see the best cases or authorities that Defendant can muster for its position.

Plaintiff may also submit a letter addressing these questions by August 15, 2024, at 5:00 PM. Same deal, give the Court the best authorities for Plaintiff's position.

The letters should not exceed three single-spaced pages.

SO ORDERED.

Dated: August 8, 2024
      New York, New York

                                       ARUN SUBRAMANIAN
                                       United States District Judge