UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

700 CAMP STREET, LLC,

                Plaintiff,

-against-

MT HAWLEY INSURANCE COMPANY,

                Defendant.

24-CV-03060 (AS)

Order

---

ARUN SUBRAMANIAN, United States District Judge:

By August 28, 2024, the parties should each submit a letter, not to exceed four single-spaced pages, addressing the following questions. The letters **must** be focused on the questions asked. The letters should not repeat arguments made elsewhere. The parties should focus on citing relevant authority in their responses.

1. Plaintiff argues that enforcing the one-year limit on notice would vitiate the two-year limit on lawsuits. In *Est. of Munsterman v. Unitrin Auto & Home Ins. Co.*, 2020-209 (La. App. 3 Cir. 11/18/20), 307 So. 3d 297, 301, the Court held that a 365-day notice provision was "invalid" because it conflicted with a Louisiana law (*See* La. R. S. 22:868(B)) that extends the time to assert a cause of action against the insured to two years. Is there any case other than *Unitrin* addressing whether or not a limitation on notice may conflict with a limitation on filing suit?

2. Plaintiff points to a provision of the policy which states that Mt. Hawley has "no duty to provide coverage under this policy if the failure to comply with the terms of this policy is prejudicial to us." This is in a section of the policy entitled "Louisiana Changes." What was the law (or other impetus) for adding this change? Is there a law in Louisiana requiring insurers to provide coverage unless they are prejudiced by an insured's failure to comply with a condition precedent?

3. Does Mt. Hawley agree that this policy would be unlawful if Louisiana law applied, *see Unitrin*, 307 So.3d at 301–302 (citing La.R.S. 22:868), and would also be unlawful if the policy had actually been issued or delivered in New York, *see* N.Y. Ins. Law § 3420(a)(4), (5)?

4. Was this policy "issued or delivered" in Louisiana, and if so, isn't it subject to any limitations on policies "issued or delivered" in Louisiana, regardless of what state's law applies to the policy under a choice-of-law provision?

5. Are there any other limitations on policies "issued or delivered" in Louisiana that are potentially relevant here?

SO ORDERED.

Dated: August 22, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge