UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

November 26, 2024

<u>**VIA ECF AND VIA EMAIL:**</u> SubramanianNYSDChambers@nysd.uscourts.gov
The Honorable Arun Subramanian

*Re:*   *700 Camp Street, LLC v. Mt. Hawley Insurance Company*, No. 24-cv-3060 - **Motion to Compel Discovery Responses**

Dear Judge Subramanian:

Pursuant to Rule 5.D. of the Court's Individual Practices in Civil Cases, Defendant Mt. Hawley Insurance Company must unfortunately request an informal conference with the Court in order to obtain the following necessary relief:

1. An order compelling Plaintiff to immediately submit complete responses to Mt. Hawley's Rule 34 Requests for Production and Rule 33 Interrogatories;
2. An order compelling Plaintiff to immediately submit a computation, by category, of damage claimed in this lawsuit as required under Rule 26 (a)(1)(A)(iii); and
3. An order compelling Plaintiff's corporate representative, James Smith, to appear for deposition on or before December 15, 2024, after Plaintiff has submitted complete discovery responses.

Mt. Hawley's written discovery requests were originally served on October 8, 2024 pursuant to Federal Rules of Civil Procedure 33 and 34. Plaintiff's responses were due November 7, 2024, but Plaintiff still has not provided any responses or produced responsive materials. Plaintiff has also failed to make any disclosure or submit any documentation whatsoever computing or quantifying its damages as required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure.

   1. **BACKGROUND**

By way of background, this is an insurance coverage dispute concerning alleged damage to Plaintiff's Property purportedly caused by Hurricane Ida on August 29, 2021. Plaintiff did not report the claim to Mt. Hawley until August 25, 2023—nearly two full years after the hurricane— and then filed this lawsuit four days later in bad faith, baselessly alleging Mt. Hawley somehow breached the subject insurance Policy before it could even begin investigating the claim. To this day, Plaintiff has never provided one single document to support its claim—no damage estimate, no inspection report—not even a description of the property damage being claimed.

Shortly after the case was transferred to this Court, Mt. Hawley moved for judgment on the pleadings pursuant to the Policy's late-notice provisions. The Court denied the motion as premature, electing to reconsider the issues at the summary judgment stage and ordering the Parties to conduct discovery until January 21, 2024 and file motions for summary judgment by February 4, 2025. (ECF Doc. 40). Perhaps by design, Plaintiff's dilatory conduct has made it increasingly difficult for Mt. Hawley to comply with these deadlines set by the Court.

This very basic discovery sought by Mt. Hawley is absolutely critical in order to determine the basis for Plaintiff's claim that its Property sustained newly found hurricane damage, how it determined such damage purportedly exists and why it took almost two years after the storm to report the claim to Mt. Hawley. In its Response opposing Mt. Hawley's motion for judgment on the pleadings, Plaintiff stated that it's owner and representative, James Smith, discovered the claimed damage to the Property "in late summer 2023, during a formal inspection conducted in relation to the potential sale of the Property." (ECF Doc. 32 at 10). Public records show that Plaintiff sold the Property in 2023 to Rajan Pandit of Pandit Law, one of Plaintiff's attorneys in this lawsuit, who now owns the Property through a new LLC called R&M Properties 700 Camp Street, LLC.

Immediately upon receiving the Court's initial ruling in this case, Mt. Hawley served written discovery upon Plaintiff and also served a document subpoena to the new owner, R&M Properties. Mt. Hawley also requested depositions of the corporate representatives of both Plaintiff and R&M Properties. All of these requests specifically seek inspection reports and any other documentation, communications, or information related to inspections of the Property in connection with the sale and/or the damage being claimed in this lawsuit.

   2. **EFFORTS TO CONFER**

Mt. Hawley has conferred with counsel for Plaintiff on numerous occasions in an attempt to avoid Court intervention. After Plaintiff failed to timely respond to the written discovery requests, Richard Smith (counsel for Mt. Hawley) reached out by email to Peter Freiberg (lead counsel for Plaintiff) on November 12 and 13 asking when the responses would be provided. Plaintiff still did not respond. On November 14, Mr. Smith again emailed Mr. Freiberg requesting a telephone conference between lead trial counsel to confer regarding the written responses and outstanding request for Plaintiff's deposition pursuant to Rule 5.C. of the Court's individual rules. Greg Winslett, lead trial counsel for Mt. Hawley, and Peter Freiberg, lead trial counsel for Plaintiff, conferred via telephone on November 18. During that call, Mr. Freiberg promised that, by November 25, he would provide complete responses to the outstanding written discovery as well as a hard date for Plaintiff's deposition on or before December 15. Despite these assurances, as of today, Plaintiff has still not provided any discovery responses or deposition dates.

This morning, Richard Smith (counsel for Mt. Hawley) and Michael Finkelstein (counsel for Plaintiff) conferred by telephone in a final effort to avoid this motion. Mr. Finkelstein informed Mr. Smith that Plaintiff's owner and corporate representative, James Smith, had moved abroad, which was "causing delays." Mr. Finkelstein was unable to provide a firm date for when Plaintiff would provide discovery responses, and he did not provide a deposition date. Mr. Smith explained that this was unacceptable given the expedited discovery period and deadline to file motions for summary judgment, and that Mt. Hawley had no choice but to involve the Court.

During this telephone conference, Mr. Smith and Mr. Finkelstein also discussed R&M Properties' subpoena response, which was submitted by Pandit Law, Plaintiff's counsel in this case. R&M did not object to any of the requests in Mt. Hawley's subpoena, and Mr. Finkelstein informed Mr. Smith that R&M had submitted all responsive materials without withholding anything. Curiously, the materials did not include any documentation whatsoever regarding the "formal inspection" during which Plaintiff's representative was supposedly made aware of the purported storm damage

to the Property. There was no inspection report or any documentation of any inspection revealing damage purportedly caused by Hurricane Ida. Against this background, this entire case remains a complete mystery to Mt. Hawley, despite its best efforts to discover and understand the basis for Plaintiff's belated claims.

### 3. ENTITLEMENT TO RELIEF

Rules 33 and 34 of the Federal Rules of Civil Procedure require parties upon whom requests have been served to submit responses and objections in writing within 30 days after being served. Plaintiff did not respond or object to any of Mt. Hawley's Requests for Production or Interrogatories within 30 days. As such, Mt. Hawley is entitled to an order compelling Plaintiff to immediately submit complete responses to its written discovery and an order to produce all responsive materials.

Rule 26 of the Federal Rules of Civil Procedure requires parties, without awaiting discovery requests, to disclose, among other things, "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." In direct violation of this Rule, Plaintiff served its Rule 26(a)(1) disclosures on October 17, 2024, simply stating that "Plaintiff will disclose an estimate of the cost of repairing damage to the property." No such estimate or quantification of Plaintiff's claimed damages has ever been provided to this day.

Finally, under Rule 30 of the Federal Rules of Civil Procedure, a party may depose another party (including a corporate representative, in this case, James Smith for Plaintiff) without leave of Court. Lead counsel for Plaintiff assured Defendant that, by November 25, he would provide a date for Mr. Smith to be deposed on or before December 15, 2024. No such date was provided, and Defendant seeks an order from the Court compelling Plaintiff's representative, James Smith, to appear for a deposition prior to that date.

Camp Street is hereby ORDERED to provide its damages computations, respond to Mt. Hawley's discovery demands, and provide a date for Mr. Smith's deposition by December 3, 2024. The deposition must take place on or before December 15, 2024. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 41.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 27, 2024

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT, admitted *pro hac vice*
RICHARD L. SMITH, III, admitted *pro hac vice*
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
gwinslett@qslwm.com
rlsmith@qslwm.com

**ATTORNEYS FOR DEFENDANTS**

**cc: Counsel for Plaintiff via ECF and email**