UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

December 5, 2024

**VIA ECF AND VIA EMAIL:** SubramanianNYSDChambers@nysd.uscourts.gov
The Honorable Arun Subramanian

*Re:     700 Camp Street, LLC v. Mt. Hawley Insurance Company, No. 24-cv-3060 -*
Letter Motion to Compel and Extend the Discovery and Summary Judgment Deadlines

Dear Judge Subramanian:

On November 26, 2024, the Cout issued an Order granting Mt. Hawley's Motion to Compel and ordering Plaintiff to provide its damages computations, respond to Mt. Hawley's discovery demands, and provide a date for Mr. Smith's deposition by December 3, 2024. Plaintiff has failed to comply with the order in the following ways:

1. In its responses to Mt. Hawley's interrogatories and requests for production, Plaintiff asserted numerous improper objections which were not timely asserted and thus cannot be used as a basis for withholding responsive materials.

2. Plaintiff's responses to Mt. Hawley's interrogatories are unsigned and unverified.

3. Plaintiff asserts that it is continuing to gather responsive documents and will supplement its production in response to several requests for production. Plaintiff still has not produced any emails, text messages, or written communications of any kind related to the sale of the Property, the subject insurance claim, or the claimed damage to the Property.

4. Plaintiff has, for the first time, submitted a damage estimate (dated December 3, 2024) from its public adjuster, "ACMS", who allegedly "performed a walkthrough of the Property prior to the sale of the Property in 2023." Plaintiff still has not produced a single photograph, inspection report, or written communication to corroborate its claim that AMCS conducted a "walkthrough" of the Property prior to the sale in 2023.

5. Plaintiff has not produced any communications, repair or maintenance records, or insurance records dated after the sale of the Property on September 26, 2023, claiming that it has no responsive records as of the date of the sale. To state the obvious, Plaintiff's attorneys in this lawsuit (one of whom purchased the Property from Plaintiff and is now an owner of the Property) clearly have access to these responsive materials but are withholding production on a technicality. Mt. Hawley attempted to avoid this exact scenario by issuing a subpoena requesting these same records from the newly formed LLC through which Plaintiff's attorney now owns the Property. Although some records from around the time of the sale were produced, no materials dating after the sale of the Property have been produced relating to property insurance coverage, repairs, or the claimed damage.

Plaintiff's dilatory conduct continues to make it extremely difficult, if not impossible, for Mt. Hawley to comply with the Court's previous order to complete discovery by January 21, 2025 and file Motions for Summary Judgment by February 4, 2025 (ECF Doc. 40). As referenced above, Plaintiff submitted, for the first time, a damage estimate from its public adjuster ACMS dated December 3, 2024 describing and quantifying the damage it is claiming in this lawsuit. Plaintiff also claims ACMS conducted the presale "walkthrough" of the Property that first alerted Plaintiff to the damage. Despite this, Plaintiff did not disclose anyone from ACMS as a person with discoverable information in its Rule 26 disclosures served on October 17, 2024. This prevented Mt. Hawley from issuing a document subpoena to AMCS until now. It has also prevented Mt. Hawley from conducting an inspection of the claimed damage because no information regarding the scope and amount of damages was disclosed by Plaintiff until December 3, 2024.

For these reasons, Mt. Hawley respectfully requests that the Court order the production of the discovery materials set forth above and extend the discovery deadline as well as the deadline to file Motions for Summary Judgement in this case.

This letter fails to follow the Court's Individual Practices concerning the meet-and-confer requirements prior to filing a motion. So the motion is DENIED WITHOUT PREJUDICE.

SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.
Date: December 6, 2024

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT, admitted *pro hac vice*
RICHARD L. SMITH, III, admitted *pro hac vice*
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
gwinslett@qslwm.com
rlsmith@qslwm.com

**ATTORNEYS FOR DEFENDANTS**

Cc: Counsel for Plaintiff via ECF and email