UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

700 CAMP STREET, LLC,

                Plaintiff,

-against-

MT. HAWLEY INSURANCE COMPANY,

                Defendant.

24-cv-3060 (AS)

ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

      On December 12, 2024, defendant Mt. Hawley filed a motion for an extension of the discovery and summary judgment deadlines in this case, citing the fact that it had recently learned that 700 Camp Street LLC sold the property at issue to R&M Properties LLC, whose members are two attorneys listed on the docket as representing 700 Camp Street. *See* Dkt. 45. After the Court ordered 700 Camp Street to provide more information, Mt. Hawley filed another letter and attached the deposition of James Smith, the sole member of 700 Camp Street LLC, who appeared not to know about any rejected insurance claim or the fact that this lawsuit had been filed on his behalf. *See* Dkt. 48. Mr. Smith's deposition also called into question the veracity of several representations 700 Camp Street made to the Court in its opposition to Mt. Hawley's motion for judgment on the pleadings, which the Court has already adjudicated. *See id.*; *see also* Dkt. 40. The Court ordered 700 Camp Street to show cause why sanctions weren't warranted and ordered the parties to appear for a hearing. Dkt. 49.

      At the hearing on January 8, 2025, defendant Mt. Hawley Insurance Company made an oral application for sanctions under Rule 11, seeking dismissal with prejudice of 700 Camp Street's complaint, which 700 Camp Street admitted contains "boilerplate" allegations that were added by "mistake." Dkt. 53 at 11:12–20, 13:9–14:2. The Court gave the parties a brief period to resolve this case before it took any further action. Dkt. 52. On January 15, 2025, the parties informed the Court that they failed to resolve the case. Dkt. 55.

      It is unclear whether Mt. Hawley has taken the steps required under Rule 11 to warrant the imposition of sanctions. They should undertake those steps, make any filings that are necessary, and then the Court will consider the sanctions motion in connection with the forthcoming motion for summary judgment.

Finally, 700 Camp Street is advised that even if Mt. Hawley chooses not to formally seek sanctions under Rule 11, the Court will consider imposing sanctions under its inherent authority when it adjudicates the parties' motions for summary judgment. To the extent there are ameliorative steps that 700 Camp Street needs to take, this order should constitute notice it should take those steps.

SO ORDERED.

Dated: February 11, 2025
       New York, New York

                                            ARUN SUBRAMANIAN
                                          United States District Judge